### Just's Admr., et al. v. Woodman.

(Decided March 12, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Order for Payment of Money—Drawn on Debtor for Valuable Con-
sideration—Equitable Assignment—Acceptance by Drawee not
Necessary.—An order drawn upon the debtor for a valuable con-
sideration, payable out of a designated fund or debt, actually due
or to become due, operates, when delivered to the payee, as an
equitable assignment or appropriation of such fund pro tanto,
and no acceptance by the drawee is necessary to its validity.

H. C. WILLIAMS for appellants.

A. C. RUCKER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Charles Just died in Jefferson County in 1910. He
left no children or other descendents of his body, but
was survived by his wife, Katherine Just, the appellant,
who became his administratrix. He left an estate con-
sisting of $689 in the hands of the Fidelity Trust Com-
pany, and a few articles of household goods of but lit-
tle value. This action was instituted by Katherine Just
as the widow of Charles Just and his administratrix, to
settle his estate. She sought to have the court adjudge
to her the $689 in the hands of the trust company as ex-
empt to her under the statutes as his widow. Appellee
answered her petition and asserted claim to a part of
the fund in the hands of the trust company, by reason
of the following writing:

"Nov. 11, 1909.
"Mr. Frank O. Woodman,
        "Louisville, Ky.
"Dear Sir:—
    "I have this day borrowed from you the sum of $200.
If I do not pay you promptly, you are authorized to col-
lect out of my interest in the estate of my mother, held
by the Fidelity Trust Company as executor of Mrs.
Augustine Boedeker, the sum of $200, with interest from
this date.
                    "Yours very truly,
                            "C. JUST."

The lower court decided that Woodman was entitled
to enough of the funds in the hands of the trust com-
pany to pay his claim, and gave the widow the re-
mainder.

Appellant's counsel contend that the lower court
erred: First, for the reason appellee did not allege

in his answer and counter-claim that the indebtedness re-ferred to in the writing, was not paid "promptly" which, by the terms of the writing, was made a condition precedent to the operation of an assignment, if any was intended. This question requires but little considera-tion. The language referred in the writing meant that it should be paid within a reasonable time, and if not. paid within that time by Just, then his trustee, the Fi-delity Trust Company, should pay him. The writing was dated November 11, 1909. The answer was filed July 22, 1911, at which time the debt remained unpaid and Just had departed this life the year before. Cer-tainly, the debt was not paid within a reasonable time as contemplated by the parties, and, in our opinion, the reasonable time had elapsed before the death of Just, therefore, the appellee's rights under the assignment took effect before the death of Just at which time appel-lant's claim as his widow took effect, which gives appel-lee a claim superior to that of appellant.

The deposition of John W. Barr, Jr., president of the trust company, was taken and he testified, in sub-stance, that on the date of the assignment above copied, Charles Just was in the office of the trust company and wanted some money and the company declined to let him have it; that Frank O. Woodman was also present and Just asked him for the money and he agreed to let him have it provided he could be made safe in the loan; that it was then agreed that he would make him safe and Barr drafted the paper copied above, in duplicate, and the original was given to Woodman and the duplicate was placed in a box of the trust company where it kept its papers as executor of Mrs. Boedeker's estate. In equity, this was a valid assignment of enough of Charles Just's estate in the hands of the trust company to pay appellee's claim.

In the case of McDaniel v. Maxwell, 28 Am. St. Rep., 740, it is said, in substance, that an order drawn upon the debtor for a valuable consideration, payable out of a designated fund or debt, actually due or to become due, operates, when delivered to the payee, as an equitable as-signment or appropriation of such fund pro tanto, and no acceptance by the drawee is necessary to its validity. In the case at bar Charles Just received from appellee $200 in cash and drew an order in favor of Woodman on his debtor, the trust company, directing it to pay him $200,

with its interest, and this order was delivered to the payee. As stated, there was no formal acceptance of the assignment by the trust company, but it had knowledge of and assented to it and this operated as an equitable assignment or appropriation of enough of the fund due Just in the hands of the trust company, to satisfy appellee's claim. Many authorities to the same effect could be cited, but this is unnecessary as the rule is well settled.

Judgment is affirmed.