## Fairbanks, Morse & Company v. Tafel.

(Decided June 19, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, No. 2).

1.   Statute of Frauds.—It is not within the Statute of Frauds for one who has money in his hands belonging to another, to agree to pay to a third party the debt of such other with his assent.

2.   Equitable Assignment.—The fact that an order given by a debtor to his creditor, directed to a third party holding funds of the debtor, was not accepted in writing by such third party, does not prevent the order from operating as an equitable assignment of the fund.

3.  Contracts—Consideration—Contractors— Sub-contractors.— Where
    an original contractor sub-lets a contract to another who has no
    credit and who is not financially responsible, and at the time
    both the original and sub-contractor agree with the third party
    that if he will furnish the sub-contractor with the necessary sup-
    plies to enable him to complete the job that the origiinal con-
    tractor will withhold from the sub-contractor enough of the fund
    coming to the sub-contractor to pay the third party's debt, the
    original contractor being interested in the completion of its
    contract by the sub-contractor, there is sufficieint consideration
    to uphold the promise made by it to pay for the supplies.

DUFFIN, SAPINSKY & DUFFIN for appellant.

GEORGE CARY TABB, RAY MANN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant is a Chicago corporation with branch of-
fices in many of the cities of the country, including the
city of Louisville. Its business consists in furnishing
and installing scales, motors, electric lighting plants, &c.
Its branch offices are in charge of agents, and its various
departments are in charge of special agents charged with
the administration of their particular departments.

The appellee is engaged in the city of Louisville in
selling electrical supplies.

H. A. Carr is a young electrician in the city of Louis-
ville, efficient in his profession, but without credit; he
was known to both appellant and appellee.

In 1910 he had been taking certain sub-contracts for
the installing of electrical plants, and had taken one
or more under appellant with the understanding that the
supplies which he might procure from the appellee Tafel
would be paid for by appellant out of the fund that might
be coming to him (Carr) from the contract. Upon at
least one or more occasions by agreement between Carr,
Tafel and appellant made through appellant's electrical
agent Hesser, Tafel had furnished Carr electrical sup-
plies, and the money had been withheld by appellant with
which to pay Tafel.

In 1910 appellant made a contract with one Strater
to install in his new home an electrical plant, and this
contract was sub-let to Carr with the understanding be-
tween Carr, Tafel, and appellant that if appellee would
furnish Carr the supplies to complete the Strater job,
appellant would withhold enough money from what was

coming to Carr under the contract to pay Tafel for the supplies so furnished to Carr.

Under this agreement appellee furnished to Carr more than $600 in electrical supplies, and upon one or more occasions sought part payment therefor from appellant, but was informed that no payment could be made until the Strater job was finished. Being in need of money he complained to Carr, whereupon Carr on the 25th day of July, 1910, gave him the following order, to-wit:

"Louisville, Ky., July 25th, 1910.

"Fairbanks, Morse & Company Cashier:

"Pay to the order of H. C. Tafel $500 and charge to my account. Material for Strater job.

"H. A. CARR & Co."

This order was presented by Tafel to appellant, whereupon he was again informed that they could pay no money until the Strater job was completed.

Some time later another creditor of Carr instituted an action against him, and sought to attach what might be coming to him from Fairbanks, Morse & Co. In that suit appellee intervened, set up the agreement between Carr, appellant and himself and asked for a judgment for $500 against appellant; it developed that appellant had already paid Carr all it owed him except about $113.

The lower court gave Tafel a judgment against appellant for $500, and from that judgment this appeal is prosecuted.

It is first contended that the agreement asserted by the appellee as against appellant is within the Statute of Frauds, that is to say it is an agreement not in writing to pay the debt of another; but clearly it was not an agreement upon the part of appellant to pay to Tafel out of its own funds money which Carr might owe to Tafel, but was an agreement by appellant to pay to Tafel out of money in its hands belonging to Carr that which Carr owed to Tafel. It is not within the Statute of Frauds for one who has money in his hands belonging to another to agree to pay to a third party the debt of such other with the assent of the debtor.

It is further urged for appellant that the basis of appellee's action against it is the order of July 25th, 1910, and that inasmuch as that order was never accepted in writing by appellant, under our Negotiable Instruments Act no action can be maintained upon it. But this po-

sition assumes that the action is on that order, when as a matter of fact the basis of the action is the original oral agreement between appellant, appellee, and Carr that appellant would withhold for the benefit of appellee money coming to Carr from the Strater job sufficient to pay appellee what Carr owed him for material furnished for that job.

As very properly held by the chancellor below the order of July 25th, 1910, was not the basis of the action, but was merely evidence incidentally growing out of the original agreement between the parties.

But if it was the basis of the action the fact that it was not accepted in writing by appellant would not prevent it from operating as an equitable assignment of the funds in its hands belonging to Carr.  Just's Admr. v. Woodmen, 147 Ky., 493.

But it is unnecessary in this case to resort to the doctrine of equitable assignments.  Appellee had an explicit contract with the appellant, assented to by Carr, that it would withhold for appellee's benefit so much of the money going to Carr under the Strater contract as was necessary to pay appellee for the goods furnished to Carr, to enable him to complete the Strater contract under his sub-contract with appellant.  Appellant was interested in the Strater contract and its completion, and it was important to it that the supplies should be furnished to Carr to enable him to carry out its contract, which it had sub-let to Carr.

There was certainly a valuable consideration moving from appellant to appellee to induce the latter to part with his supplies, which he did upon the faith of appellant's agreement to pay for same out of Carr's money.

The judgment being in accord with these views it is affirmed.